IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HABIB GHARIB, | * | |
| *Plaintiff*, | * | |
| v. | * | |
| THE JOURNAL OF THE COMMITTEE OF THE POLITICAL ECONOMY OF THE GOOD SOCIETY, *et al.*, | * | Case No. 8:17-cv-03476-GJH |
| | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT UNIVERSITY OF MARYLAND'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SANCTIONS AND DISMISSAL**

Pursuant to Federal Rules of Civil Procedure 37 and 41, Defendant University of Maryland respectfully submits this memorandum of law in support of its motion for sanctions and dismissal of the remaining employment claims of Plaintiff Habib Gharib against the University.

On November 21, 2018, Plaintiff stated under penalty of perjury, "I have at all times relevant to this suit been a legal resident authorized to work in the United States." Pl.'s Answers to Interrog. No. 11 (Ex. 2). During a discovery call on February 14, 2019, Plaintiff's counsel represented to the Court that his work authorization could be produced. The Court granted the University's motion to compel and ordered Plaintiff to supply the same information required of every employee on USCIS Form I-9. Three weeks later, Plaintiff has refused to comply with the Court's Order for evidence that goes to the heart

of the case. Sanctions and dismissal of Plaintiff's remaining employment case against the University is warranted.

## BACKGROUND

**Plaintiff's Deficient Answers to Defendant's Interrogatories from Oct. 2018**

Four months ago, on October 17, 2018, the University served its First Set of Interrogatories to Plaintiff. Interrogatory No. 11 requested as follows:

> 11. If you contend that you were legally authorized for employment in the United States from January 1, 2000, to January 1, 2017, state in detail all facts supporting such contention, including in your answer an identification of all documentation authorizing employment pursuant to 8 U.S.C. § 1324a, the dates of authorization, and the identifying numbers for such documents.

Univ.'s First Set of Interrogatories (Ex. 1.). On that same date, the University also served its First Request for Production of Documents ("RFPs").

On November 21, 2018, Plaintiff sent his initial answers and responses. Pl.'s Answers to Interrog. (Ex. 2); Pl.'s Responses to RFP (Ex. 3). Plaintiff's answers were inadequate. In response to Interrogatory No. 11, Plaintiff stated only,

> Plaintiff Gharib objects to Interrogatory No. 11 on the grounds that it seeks confidential information protected from discovery. Without waiving this objection, Plaintiff responses as follows:
>
> I have at all times relevant to this suit been a legal resident authorized to work in the United States.

Pl.'s Answers to Interrog. (Ex. 2). Plaintiff verified this statement under oath:

> I, Habib Gharib, solemnly affirm under penalty of perjury and upon personal knowledge that the contents of the foregoing Plaintiff Habib Gharib's Answers to Defendant University of Maryland's First Set of Interrogatories are true and correct to my knowledge, information, and belief.

Pl.'s Answers to Interrog. (Ex. 2) at 18.

Plaintiff's responses to the RFPs were also deficient.  In response to RFP No. 11's request for his income tax returns, Plaintiff refused to produce any of his tax returns even though they were directly relevant on his claim for lost earnings and mitigation of damages defense.  Pl.'s Response to RFP 11 (Ex. 3).  In response to RFP No. 12's request for his W-2 statements, Plaintiff responded only,

> Request No. 12.  All of your Form W-2 statements issued to you for the past five (5) years.  If these W-2 statements are not currently in your possession, please exercise your custody or control to obtain copies of them.
>
> **Response to Request No. 12:**
>
> Plaintiff has no responsive documents in his possession, custody, or control.

Pl.'s Response to RFP 12 (Ex. 3).

Thus, Plaintiff represented that he had lawful work authorization, but had not filed a tax return or earned a single dollar in W-2 income in the United States in at least five years.

### The Court Grants the Motion to Compel on Interrogatory No. 11

On December 10, 2018, the University's outside counsel sent a letter to Plaintiff's counsel detailing all of their discovery deficiencies.  Mot. to Compel with Letter to G. Simpson (Dec. 10, 2018) (Ex. 4).  As required by Local Rule 104.8, the University drafted a motion to compel.  Briefings on Mot. to Compel (Exs. 4 – 6).  In response, Plaintiff marginally supplemented some of his answers. Pl.'s Suppl. Answers to Interrog.  But for Interrogatory No. 11, Plaintiff still refused to give a full answer.  *Id.*  As a result, the University was forced to submit its motion to compel to the Court.

The Court scheduled a discovery conference call for February 14, 2019. (ECF 40). During that call, the Court directly asked Plaintiff's counsel whether Mr. Gharib's work authorization could be produced. Mr. Simpson represented to the Court that it could be produced. In the call of February 14, 2019, the Court granted the University's motion to compel and ordered Plaintiff to provide a complete answer to Interrogatory No. 11.

**Plaintiff Refuses to Comply with this Court's Order**

As of this date, three weeks later, Plaintiff has not adhered to the Court's Order, and his attorney has not provided any concrete assurance on when or if Plaintiff will ever fulfill the Court's discovery order. The University has sent five (5) e-mails to Plaintiff's attorney and had a conference call with him on February 28, 2019. E-Mail Chain with G. Simpson (Ex. 7). All of the University's efforts to resolve Plaintiff's discovery violation have been futile.

## ARGUMENT

### PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER WARRANTS DISMISSAL OF HIS CASE AGAINST THE UNIVERSITY.

Federal Rules of Civil Procedure 37(b) and 41(b) are part of the "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(b) provides that the Court may dismiss the Plaintiff's action if he "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41(b) similarly provides that the Court may dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

4

The Court weighs four factors for dismissal under Rule 37: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Williams v. ESA Mgmt., LLC*, 2018 WL 748302, at *2 (D. Md. Feb. 7, 2018) (Hazel, J.) *aff'd* 724 F. App'x 242 (4th Cir. 2018) (citation omitted). Similarly, under Rule 41(b), the Court considers "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Williams*, 2018 WL 748302, at *2 (quoting *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)). Here, all four factors weigh in favor of dismissal.

As to the first factor, Plaintiff has personal responsibility and acted in bad faith. Not only did Plaintiff represent under oath that he had work authorization (Ex. 2), but his attorney represented to this Court that work authorization could be produced. Plaintiff has willfully frustrated this Court's Order and appears to have made a false statement under oath. "[N]oncompliance with discovery orders supports a finding of bad faith." *White v. Shoppers Food Warehouse Corp.*, 2013 WL 599105, at *2 (D. Md. Feb. 14, 2013) (citations omitted); *In re Fraidin*, 2008 WL 7810791, at *3 (D. Md. Nov. 18, 2008) (affirming dismissal where parties "refusal to fully respond to the questions put to him was willful"); *see also Projects Mgmt. Co. v. Dyncorp Int'l, LLC*, 734 F.3d 366, 375 (4th Cir. 2013) (affirming dismissal on inherent powers based in part on false interrogatory response).

5

As to the second factor, the University will suffer severe prejudice if Plaintiff is able to evade key discovery that "'goes to the heart' of Plaintiff's employment discrimination claim." *Hendricks v. Quikrete Cos., Inc.*, 2017 WL 2711131, at *4 (D. Md. June 21, 2017) (Hazel, J.) (granting motion to dismiss as discovery sanction). By concealing the truth about his (lack of) work authorization, Plaintiff is obstructing at least three major defenses.

First, a private plaintiff may *not* pursue Title VII employment claims unless he was "authorized for employment in the United States at the time in question." *Egbuna v. Time-Life Libraries, Inc.*, 153 F.3d 184, 187 (4th Cir. 1998) (*en banc*) (cited in *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999) (affirming dismissal where plaintiff "conceded that he did not have the specific documentation required to become authorized for employment in the United States at the time"); *Marsden v. Arnett & Foster, PLLC*, 2009 WL 3644927, at *5 (S.D.W.Va. Oct. 28, 2009) ("Based on *Egbuna*… Plaintiff was not 'qualified' for employment with Defendant…."). By not fully answering Interrogatory No. 11, Plaintiff is attempting to evade this dispositive defense.

Second, this evidence is crucial to the University's mitigation of damages defense because plaintiffs who bring employment law claims have a duty to mitigate damages. *Miller v. AT&T Corp.*, 250 F.3d 820, 838 (4th Cir. 2001) ("A plaintiff in an employment discrimination case must mitigate damages by diligently seeking and accepting new employment substantially equivalent to that from which he was discharged."); *Cave v. Elliott*, 190 Md. App. 65, 95 (2010) (holding former employees must mitigate damages "by the exercise of reasonable diligence in seeking other employment in the same or similar business"). Plaintiff has yet to produce a single job application or W-2 wage statement

from the past five years.  Pl.'s Responses to RFP 12 (Ex. 3).  If the real reason that Plaintiff has not obtained employment is because he is ineligible to be lawfully employed in the United States, the Defendant is entitled to present evidence of his ineligibility for its mitigation of damages defense.  *See, e.g., Jones v. Wal-Mart*, 2011 WL 7445488, at *5 (D.S.C. Oct. 28, 2011) (granting motion to dismiss based in part on plaintiff's failure to provide discovery on "mitigation of damages and information that might reduce or eliminate his damages claim").

Third, this evidence is further damaging to Plaintiff's credibility because, if it turns out that he did *not* have work authorization, then he has committed a serious misrepresentation under oath.  This evidence would directly impeach the Plaintiff's credibility in this case.  *See Rodriguez v. M&M/Mars*, 1997 WL 349989, at *2 (N.D. Ill. June 30, 1997) (dismissing Title VII case as sanctions where "plaintiff sought to conceal relevant information bearing directly upon her credibility both as a witness and a litigant"); *see also Garcia v. Berkshire Life Ins. Co. of Am.*, 2007 WL 4578333, at *7 (D. Colo. Dec. 27, 2007) (granting motion for sanctions and dismissal where "credibility is always relevant and material in any case").  In sum, Plaintiff's discovery violations are prejudicial to these defenses.

The third factor, the need for deterrence, also weighs against Plaintiff because Plaintiff has "seriously undermined the truth-seeking function of the Court. . . ." *Rangarajan v. Johns Hopkins Univ.*, __ F.3d __, 2019 WL 847804, at *6 (4th Cir. 2019) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  "[S]talling and ignoring the direct orders of the court with impunity . . . must

obviously be deterred." *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 93 (4th Cir. 1989). Without deterrence, other litigants could replicate Plaintiff's tactic of evading dispositive defenses by refusing to turn over key evidence.

Finally, less drastic sanctions would not be as effective. Given the importance of this evidence, nothing less would have the same impact or deterrence. S*ee Oguezuonu v. Genesis Health Ventures, Inc.*, 415 F. Supp. 2d 577, 590 (D. Md. 2005) (granting Rule 37(b) dismissal where the records "relate directly to essential elements of Plaintiff's claims"). Moreover, Plaintiff professes to not have earned any W-2 income or filed any income tax returns in five years. Financial sanctions on Plaintiff are likely uncollectible and create no real incentive. *See Melvin v. Lady Foot Locker*, 2008 WL 11363276, at *2 (D. Md. Sept. 22, 2008) (holding "imposition of a monetary sanction will have little effect upon an adversary's ability to obtain essential discovery materials"); *Rogler v. Phillips Bldg. Mental Retardation Program*, 126 F.R.D. 509, 514 (D. Md. 1989) (dismissing case was appropriate where the imposition of a fine upon a plaintiff with few assets would be ineffective). Plaintiff could just ignore paying the sanction.

## CONCLUSION

The University of Maryland's motion for sanctions and dismissal should be granted. A proposed Order is attached.

                                Respectfully submitted,

                                BRIAN E. FROSH
                                Attorney General of Maryland

                                /s/ *C. Alexander Hortis*
                                C. Alexander Hortis (Bar No. 28522)
                                Assistant Attorney General
                                200 Saint Paul Place, 17th Floor
                                Baltimore, Maryland 21202
                                ahortis@oag.state.md.us
                                (410) 576-6320
                                (410) 576-6437 (facsimile)

March 12, 2019                     Attorneys for Defendant University of
                                Maryland, College Park

## CERTIFICATION

I hereby certify that I conferred in good faith with Plaintiff's counsel in an effort to obtain the discovery without Court action. I sent e-mails to Plaintiff's counsel on February 14, 15, 20, 21, and 28, 2019. Additionally, on Thursday, February 28, 2019, I had a conference call with Plaintiff's counsel on the discovery. Despite these efforts, Plaintiff refuses to comply with the Court's order to provide the requested discovery.

                                /s/ *C. Alexander Hortis*
                                C. Alexander Hortis